The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Well, good morning, Mr. Whalen and Ms. Wood. Welcome back for round two of Moreno v. Bosholm. Ms. Wood, I think you may have called the clerk's office yesterday inquiring about whether or not there would be any rebuttal with respect to the cross appeal in this hearing, but we are focused solely this morning on the Rule 601 issue and the 702 issue, so we're not going to discuss any of the other issues. I think those were aired out in the earlier hearing, and we really just want to hear from you about this one issue that has gotten us tied in knots, and hopefully you'll be able to help us with that. So that's how we're going to proceed. Thank you, Your Honor. All right. Mr. Whalen, you may proceed whenever you're ready. Good morning, Your Honors, and may it please the Court. James Whalen on behalf of Mr. Manuel Moreno. Now, whether a person can testify as a witness and whether a witness is qualified to offer expert testimony are two distinct legal questions, only one of which has ever been raised in this case. But regardless, North Carolina's Rule 702 is a rule of qualification, not a rule of competency. North Carolina's rules mirror and structure the federal rules. Well, what's the difference, in your view, between competency and qualification? Those terms seem to have been used interchangeably for decades, and some would argue that the real issue here between Rule 601 and Rule 702 is a question of competency, which includes qualification, as opposed to the admissibility of the evidence, which would be a 702 inquiry. Your Honor, competency rules, as they're framed within the Rule 601, are rules dealing with when a person can be a witness. And generally speaking across the states, these rules relate to whether a person has a disability or a criminal conviction, participation in the litigation as a party or a judge or a juror. These are things that prevent a person from being a witness. But once it is established that a person can be a witness, either generally or in that particular case, there is a subsequent legal question as to the scope of what that witness can testify to. And what 702 says is that a witness can offer expert opinions if he is qualified under Rule 702. And that is the issue in dispute in this case. Hey, Mr. Whalen, can I follow up on that? So with respect to 601 that has the sort of exception sentence that allows or suggests that state rules of decision may in fact impact competency and might be allowed, notwithstanding the general statement about competence in the federal rules. And as I understand the history of that addition to the rule that was intended, at least one of the primary purposes was to allow, for example, dead man statutes in the various state jurisdictions to be allowed to be implemented in a federal court proceeding. How is the North Carolina rule with respect to qualifications of a medical expert to speak to the standard of care? Any different from that from a dead man statute? Your Honor, dead man statutes deal with our prohibitions on parties. It's about the status of the witness as either a plaintiff or being in privity with the plaintiff. And it's it's a narrow subset. It doesn't category. There used to be sort of categorical rules that say if you're the plaintiff, you're the defendant. You cannot testify at all. And that the dead man statute is a limited scope of that. It says you cannot testify about what the decedent told you when nobody else was in the room. Well, I guess similar to the well, maybe you disagree that it's similar, but it's not a blanket disqualification. It allows a witness and interested party to testify in a proceeding. He or she just can't testify as to any conversations that they might have had with the decedent because of the policy implications of the statute. Why isn't a similar analogy applicable here? You've got a medical expert who is a witness. He can be called as a witness, but as a prelude to his ability to testify, he's got to meet the requirements of the NC 702, which requires either an educational component or an active practice in the specialty in the community in which the doctor is reporting to testify. So that's not a blanket prohibition. It's just a prequalification to the ability of the doctor to testify. And then, as Judge Agee suggests, once the doctor is on the stand, that doctor still has to comply and meet the requirements of Federal Rule 702 and the Daubert limitations that are inherent to any witness. So it seems like the two rules can complement each other, not necessarily exclusive, not necessarily entirely conflicting. That would seem to suggest that, you know, North Carolina Rule 702 has something to say about this case. I think the distinction is that the North Carolina Rule 702 was adopted by the legislature. It took the Federal Rule 702 and then layered on top additional requirements. Those additional requirements are in direct tension with the Federal Rule. The Federal Rule lists that a person can be qualified based on education, training and so forth. The North Carolina Rule sets explicit requirements for that education, that training and so forth. That's what North Carolina Rule 702B does. It says that you have to have a specific type of recent practice. You have to have a specific type of training that results in a type of certification. And the Federal Rule 702 has sort of a dual purpose. Of course, in part, it is to allow the judge to play a gatekeeper. But when it was adopted by Congress, the stated purpose was to liberalize the use of expert testimony in federal court. It is a rule of categorical permission. And so it would not be appropriate for states to be able to layer on top of Rule 702 additional restrictions when 702 itself sets both the ceiling and the floor of what's allowed in. And if somebody meets the requirements of Rule 702, they can testify. I'll note that that is what this court held in at least three published opinions. Those opinions admittedly were not dealing with the explicit interplay between Rule 601 and 702. But in Scott v. Sears and a few other cases, this court did hold that state expert qualification rules, whatever they may be, are irrelevant in federal court. Well, if Scott and these other cases didn't deal with Rule 601, how does that help you? Your Honor, because at the very minimum, it recognizes that there is a distinction between qualification and competency. And I'll note that that distinction is also recognized in two of the out-of-circuit cases that have dealt with this issue. They struggled to fit the rules at issue in those cases as either competency or qualification. And they ultimately decided that the Georgia and the Tennessee statutes at issue were competency ones because they called themselves competency. And they were located within the state rules and competency places. In fact, one of the Sixth Circuit cases says it's a hard question. But in that case, it was it was it lended itself. The statute lended itself nicely to sorting because it talked about competency. Mr. Whale, I'm sorry to interrupt, but are you suggesting that this is all about labels and or placement of the statute? Because I'm not sure that that's a rule that we would want to adopt if the legislature simply labels something as competence and puts it in the right box? And 601, as opposed to 702, that is that the rule you're advocating for? It's not, Your Honor. That appears to be what at least two circuits did. But no, our position is that it must be a question of federal law, the difference between a competency and qualification rule. We're simply pointing out that there is a difference. It cannot be that competency is extends. Rule 601 extends to all things that we have colloquially referred to as competency. We know in the brief that hearsay rules have been referred to as competent evidence. Privilege rules have been referred to as competent evidence. And so I think a better reading is to look at the federal rules structurally and to say that under Shady Grove, the case that we are supposed to follow to decide when federal rules apply in federal court, it says identify the question in dispute. The only question in dispute in this case. Rule 601 is a federal rule. Yes, Your Honor. How does that involve Shady Grove? Because Shady Grove instructs us before we look at state law to look at federal law and identify the question in dispute and whether there is an answer to that question. And the only question in dispute is whether Dr. Bilbrow was qualified. That's the only question ever raised below. It's the only question ever raised on appeal. But under that argument, it would seem like your ultimate basis is that Shady Grove in effect excised that second sentence of Rule 601 from the federal rules. So if we are in trial and I object based on qualification, the district court judge following Shady Grove opens the rule book to the rule that deals with qualification, which is Rule 702 and applies it. If I object based on competency, then the district court opens the rule to 601, looks at the competency rule. And if it's a case dealing with state law substance, then looks at state competency rules. You have four circuits now, I think, that have unanimously, nomenclature may vary a little bit, but have unanimously disagreed with your position. So it would seem like we would have to strike out on our own and say they were all wrong. Your Honor, I would argue that the court has already taken that position. I understand it wasn't explicitly dealing with Rule 601, but has taken a position repeatedly that there is a categorical rule in the Fourth Circuit that state expert qualification rules do not apply in federal court. So this court would not be striking on its own without precedent to do so. Does it matter that the other circuits, that this language is in the medical and I guess in their substantive medical malpractice statutes rather than here where we have something that is a rule. It addresses medical malpractice, but it also addresses other experts' testimony. Your Honor, I think that just reemphasizes that the North Carolina rule is a rule of qualification. Certainly, if there is any distinction between qualification rules and competency rules, which at least two of these out-of-circuit courts recognize that there is a difference. Surely, at a minimum, that means that when a state adopts its own qualification rules, those are qualification rules that are in conflict with Rule 702's liberalizing purpose. So I do think it matters. Again, this isn't about the legislature can fix that by just shuffling things around. We would argue, as this court has held, that expert qualification rules that the state adopts are not applicable in federal court. But I just note that that is also North Carolina's position, that the state rules of evidence say that those rules apply in state court. They adopted a rule that the North Carolina Rule 702A is essentially the federal standard. And then 702B says we're going to have an even stricter standard in certain cases. If the federal Rule 702 is its own rule and is not a subset of Rule 601, the federal Rule 702 is its own rule that under Shady Grove must apply when it answers the question in dispute. Then certainly a state cannot layer on top of that further restrictions. I'll also note that there are a few other reasons why I think it's entirely appropriate for this court to deviate from these four other circuits. First of all, none of those other circuits even cite Shady Grove. And so none of them have contemplated whether Shady Grove's step one, step two analysis requires a different result here. I'm going to ask you about while you're on the topic of Shady Grove, and I appreciate your getting there. So there was a paragraph in that opinion that Justice Scalia was attempting to, I think, explain the rule of decision that would apply in analyzing how to deal with conflicting federal and state rules. And he says this, and he's referring to the concurring opinion when he says we understand it, the concurrence, to accept the framework we apply here today. That is, which requires first determining whether the federal and state rules can be reconciled. And then in parentheses, because they answer different questions. And second, if they cannot, determining whether the federal rule runs afoul of Section 2072B. So I think I said this earlier, but why isn't it true here that these rules can be reconciled in the sense that we define the North Carolina rule as one of competence that sets what North Carolina policy has determined to be the requirements for a medical expert to testify against another doctor in a medical malpractice case? And then, assuming the doctor clears that hurdle, then we continue to apply the federal rule of 702 for qualifications and go through the Daubert factors. And that may end up resulting in a case where the doctor may satisfy the requirements of the North Carolina rule, but may still be kicked out as an expert because he doesn't satisfy, he or she doesn't satisfy the requirements of Daubert and the principles in federal court. So it seems to me that the two rules can coexist and there is no conflict. Your Honor, my time has expired, if I may. Sure. Yeah, go ahead. So that is correct that you'd be able to further exclude testimony, but the reverse would not be true. If a person satisfied the federal rules, but did not satisfy the state rule, that witness would be excluded. And that's why there's a conflict. It's the same conflict that existed in Shady Grove. Shady Grove dealt with when a class can be certified. And the court held that if they meet the requirements of the federal rule, the fact that a state rule further limits who can be certified does create a conflict. And so in this case, and I'll wrap up because I'm over my time, but in this case, it's clear that rule 702 of the North Carolina rules and federal rule 702 do not, do conflict. That there are cases where a person would qualify under the federal rules and not qualify under the state rules. And so the only way to say that they do not conflict would be to say that rule 702, which is contained in a different article and uses different language, is simply a subset of rule 601. And essentially read into rule 702 an incorporation provision that incorporates all state expert rules. And with that, I'll wait for a vote. Thank you, Mr. Whalen. Ms. Wood. Yes, Your Honor. Good morning. May it please the court. Again, my name is Maria Wood and I represent Dr. Balsham in this appeal. We are here today to urge this court to apply federal rule 601. And in doing so, refer to and affirm the dismissal of the case based on the application of rule 702B, which, as Your Honors have mentioned, has been accomplished by several other federal circuits. Why didn't you raise rule 601 before? Yes, Your Honor. In preparing our arguments for court to disqualify Dr. Bilbrow, we at that point, we made our arguments to disqualify him. And at that stage, it wouldn't have it wouldn't have been appropriate or necessary for us to bring up rule 601. After the court disqualified Dr. Bilbrow and did not allow him to testify, there was no further argument on the issue. And the issue really goes to the central issue, which the 601 analysis begs in this case is the application of rule 702B. In our brief, in responding to the appellant's appeal and the issue of what they contended was the inappropriate disqualification of Dr. Bilbrow, we responded in detail initially in our opening brief and then again throughout the rest of this appeal, explaining why rule 702 is a substantive rule to be applied that has been applied through numerous cases and which we cited in our briefs in this circuit. And the issue involved rule 702B. I acknowledge we did not raise rule 601. The analysis in the Coleman case also arose from a different federal circuit. So in preparing and doing research, we understand that the court is not obligated to follow precedent from other circuits. But we did still make the argument. Sometimes it's very helpful to know what the other circuits are doing. Absolutely, Your Honor. It is. And in this case, after having reviewed what the other circuits are doing, the other circuits position strengthens the position in this case that the district court here properly excluded Dr. Bilbrow from testifying by applying rule 702B. Ms. Wood, so it's pretty clear that there was no mention of 601 in the district court. But the district court basically said that, as I understand it, the North Carolina rule of evidence 702 is a rule of substance. And that's why that rule applies should be applied in this case to exclude the expert. And it's, I guess, a roundabout way of saying that the witness isn't competent. It was never mentioned, but it's, you know, I suppose one can infer that that's the same result. And I'm like Mr. Whalen, concerned about waiver. It's not something that we typically do for good reasons. We want to be sure that the principles of party presentment are followed and that a district court is an opportunity to weigh in in the first instance. But my concern is that if we don't consider this rule, I'm not sure how we would decide this case, because it's at least from my perspective, I'm not sure that we can simply rely on Shady Grove to get to a decision that makes sense. So it seems like we do have to engage with this rule, whether we want to or not, or whether waiver should apply or not. And if, in fact, we agree with your position now that 601 is a rule of competence, that would be a basis for affirming the district court. And we have a matter of case law that says that if there's a basis for affirming on the record that any apparent basis for affirming on the record that we can do that, even if it wasn't properly before the district court. So that's more of a comment than a question, but you can respond if you'd like. Yes, Your Honor. In making the argument at the district court level, we prevailed. We had no further argument on it. It was then appealed. I do acknowledge we did not raise it, but we did very extensively brief the Rule 702B issue. And Rule 601 gets to the heart of if there's a state rule that provides the decision of law. And that's exactly what the theme of our entire response brief focused on, although we did not specifically cite the rule. We were explaining why North Carolina Rule 702B applies. It has been applied substantively in federal district courts in North Carolina. I am aware of no case law arising from any of the district courts in North Carolina observing or stating that Rule 702B is to be applied procedurally. There is simply no case law. There is case law to the contrary, however, and we've cited several of those cases in our brief. The Hines v. Correct Care Solutions, Lauer v. United States, Wood v. United States, Huntley v. Crisco, and Gunter v. Health Partners, Inc. And in those district court cases, they were medical cases involving expert witnesses and invoking Rule 702B in terms of assessing expert qualifications. There is simply no legal authority for the proposition that Rule 702B in North Carolina is to be applied procedurally. Can I ask you about if we were to agree with the proposition that Rule 601 applies and governs with respect to Dr. Bill Burroughs' ability to testify on the medical malpractice claim, how does that affect the separate deliberate indifference claim that was also lodged by the plaintiff in this case? I don't think that the North Carolina Rules of Competence would have anything to say about whether Dr. Bill Burroughs could testify and present evidence on whether or not your client was deliberately indifferent to the medical needs of Mr. Moreno. I understand your question, Your Honor. And in terms of Dr. Bill Burroughs' ability to provide that testimony, we would argue that his testimony is bound by the deposition testimony he had previously given in the case. And based on questions asked during his deposition, to confirm, we had all his opinions. He never once discussed reckless disregard or gave any testimony in that respect whatsoever. So that testimony is simply lacking from the record. And in fact, at the trial, the plaintiff did not, there was not questioning or testimony to that effect. And to the extent there was, and that's an issue that appellant has not raised, to the extent there was, it would have been considered by Judge Biggs when she decided our motion as a judgment of law. And she dismissed the reckless and indifferent claim as well. Is it your view that Dr. Bill Burroughs was not prohibited from testifying as to deliberate indifference, but that he just didn't? What do you say the record shows here? I do not recall the specific testimony, Your Honor, and I apologize. But to the extent he gave any of that testimony, it was considered by Judge Biggs and considered insufficient given her dismissal of that claim at trial as well. However, that testimony would not have gone to the medical malpractice issues and his necessity to qualify under Rule 702B. That would have been testimony as to a separate issue. I don't believe that testimony was given, but to the extent it was, it was deemed insufficient or there was, Judge Biggs concluded there was insufficient evidence of indifference and reckless disregard and indifference. And to the extent he gave any testimony, it was it was insufficient. But and that that testimony has already been given and she dismissed it. And that is not an issue that I believe has been raised on throughout this appeal. So it's your just to be sure I understand your argument. You're representing that Dr. Bill Burroughs was not prohibited from testifying on deliberate indifference. To the extent it was not part of the medical malpractice claim, yes. All right. And just sorry, I'm sorry. So, Mr. Whalen brought up our decision in Scott, where we may announce a general principle that what North Carolina, what any state jurisdiction has to say about admissibility of testimony and is not a question of of state law, but one exclusively of federal law. Why doesn't Scott, even though it doesn't talk about rule 601 bind us here? Or is it because it doesn't talk about 601 that it doesn't bind us? It is Scott is not binding in this situation because Scott did not involve a medical malpractice situation with a with a situation where rules where we have here rules, a state rule 702 B, which has consistently been applied substantively by federal district courts in Scott. That is not that is a case that is not analogous. I believe that case actually involved a premises like liability situation, a trip and fall, and it did not involve the, and it involved rule 702. And the analysis in a more general manner and not the specific substantive analysis that has to be undertaken in this situation of 702 B as it applies substantively to whether an expert, such as Dr. Bilbrow can testify at trial. Scott was a very different situation. Yeah, no, it talked about the testimony and Scott had to do with human factors, expert testimony, and whether or not Virginia courts had deemed that kind of testimony inadmissible. And without that testimony, apparently, the plaintiff wouldn't be able to make out its case. And then we indicated, first of all, that it wasn't clear whether or not that was the rule in Virginia. But even if it was, that that was the unequivocal rule of law in Virginia, that that kind of testimony wasn't admissible, that it didn't matter because the admissibility of expert testimony in a federal court sitting in diversity is controlled by federal law. So that seems like a pretty strong statement that any rule of law or proposition by a state court or state legislature that purports to limit the admissibility of expert testimony just has no role to play in deciding whether or not that testimony is admissible in a federal court sitting in diversity. So why doesn't that apply here? Well, here, Rule 601 provides that every person is competent to be a witness unless the rules provide otherwise. But in a civil case, state law governs a competency regarding a claim or defense for which state law supplies the rule of decision. So under federal Rule 601, if to follow and apply that federal rule, if we have a situation, if there is a situation where state law supplies the rule of decision, which we do in this case, we have Rule 702. Okay. That's true. That's true. But we also, and Scott had a state rule of decision that purported to exclude this kind of expert testimony, a rule of decision, same thing. Did we, were we just wrong in Scott? I mean, that we didn't, I don't know, it doesn't appear that anyone made a 601 argument in that case, but it's just, is Scott just wrongly decided? I, not intending to suggest that Scott was wrongly decided, but it was a different situation, different circumstances in which 601 was not raised. It was not, it was not discussed. And there's also not discussion of the state law and specifically its application substantively as we do in this situation. We have a history, a consistency of courts concluding that Rule 702B is to be applied substantively. Now, that principle may not extend to other sections of our rule of North Carolina Rule 702, but as to Rule 702B, it has always been applied substantively. So, it would, using the Rule 601 analysis, it does supply that decision of law. So, let me give you a hypothetical. Let's assume that North Carolina passed the rule that said that no person in, could testify to a party's prior criminal history or record of conviction in any proceeding under the rules of evidence in North Carolina. And a case ends up in diversity in a federal court. And of course, we have Rule 404B that talks about, Federal Rule 404B that explains when that kind of evidence is actually admissible for, you know, prior criminal history and convictions and the like. So, there's a clear conflict there between the North Carolina rule of evidence and the federal rule of evidence. What do you think, which rule would apply in that circumstance? I think under Rule 601, given that that is a state rule supplying the rule of decision, that the state rule would apply. I mean, that would tend to make a pretty confused jumble of things in federal court. And the whole purpose of having rules of evidence and procedure in federal court is, as Justice Scalia said, was to, even if there's a conflict, so long as the federal rules, you know, are not otherwise ultra vires, that conflicts, be damned. I mean, that's just the nature of the scheme that we have set up. The federal state balance in that instance, and Shady Grove, anyway, tipped in favor of the federal rule. But you're suggesting an entirely different rule in this case. I'm suggesting that the Coleman case, at least in this specific situation, I would even refer to these medical malpractice rules as just a unique set of laws that we deal with in this practice. And that guide substantively the elements of what needs to be done to prove or carry a medical malpractice claim in this specific method. And in Coleman, I bring up Coleman because the facts in Coleman are strikingly similar to the facts here. And the statute is almost exactly the same, worded differently, but very, very similar. Does it matter, I asked this question earlier, does it matter that this statute is, the statute in Coleman specifically is a medical malpractice statute, whereas the statute in North Carolina statute that we have here is a procedural rule statute under 702 to 702B. Is that, I mean, does that make a difference? I don't think so, Your Honor. Even though this rule of qualification as to expert witnesses is contained in the rules, in the rule of evidence, rule 702B, I do want to point out that in the medical, the actual medical malpractice statutes of North Carolina, in referring and guiding attorneys as to what they need to do to prove the elements of their medical malpractice claim, and to provide guidance for what they need to do to have an expert who is qualified, the medical malpractice statutes refer to North Carolina rule of evidence 702B. So it is in that way integrated into the medical malpractice framework of the state of North Carolina. Ms. Wood, you're making an argument, which I think is not insignificant, that North Carolina has a substantial policy objective in trying to ensure that if their doctors are going to be sued in court, that only those certain class of experts are going to be able, should be able to testify. Those who meet a minimum requirement in order to, from their perspective anyway, root out frivolous or, you know, vexatious lawsuits. And we can argue about whether that's a good policy or not, but I would agree with you that that's an important policy objective. And rule 601, from your point of view, suggests that North Carolina's policy objective should prevail in this case. But there was a similar policy, important policy objective in the Shady Grove case involving class actions, and New York there had limited the right of class actions in cases involving statutory penalties or damages. That seems like an equally important policy objective that a state might want to promote. And yet the Supreme Court said in that case that that policy had to give way to Rule 23's right to allow class actions generally in federal court. So how do we reconcile those, you know, that case with what you're trying to get us to do here? And I see that my time is up, Your Honor. May I respond to your question?  In the Shady Grove case, it involved a rule of, a state rule of procedure, which did place additional limits on class actions and how to file those class actions. And that was a... So you're suggesting that the label matters? I mean, it sounded in procedure, but it seemed like it was fairly substantive. The New York legislature said, we don't want class actions to be lodged in cases where a plaintiff is seeking only statutory damages and penalties. I think what is so different and unique in this specific situation of Rule 702B is that it is substantive. My understanding of Shady Grove is that that was a procedural rule, and that changed the analysis. And because of that difference in that situation, the federal rule prevailed. However, we have a state rule providing, or state law providing the rule of decision. So in this case, we strongly urge that Rule 702, North Carolina Rule 702B should apply. If I can add one last question. Would the difference here be that in Shady Grove, the issue was to the claims that were cognizable in a class action suit, as opposed to the issue here and in the other cases that go to the qualifications and competency of witnesses? Yes, Your Honor. In this case, the Rule 702B goes to the qualification of witnesses, which goes and directly affects an element of a medical malpractice claim and whether or not a plaintiff can carry the day in getting to a jury on their claim. It goes straight to the heart of what the case is about. Shady Grove involved a procedural issue. It was not as inexplicably intertwined as Rule 702B is in this particular context. Thank you. That answers my question. One question. So if we are to consider congressional intent, why do you think that Congress addresses competency at 601 rather than 702 as you, I guess, are implying? I, in addressing competency in Rule 601, I don't, I'm not aware of any authority in which it, there's a stated difference between competency and qualification. Coleman, for example, referred to both terms. In the same way, interchangeably throughout the opinion, I don't believe there is any case law that specifically makes a difference between competency and qualification. All right. Thank you, Miss Wood. Thank you, Your Honors. And for the reasons stated throughout, we respectfully request that the dismissal of the case be affirmed. Mr. Whalen. Thank you, Your Honor. A couple of quick rebuttal points. First, all of the testimony that was excluded here is relevant to the deliberate indifference claim. And we have cited all those places in all those record citations in our opening brief. I think also our reply brief. There's causation testimony. All the testimony about what a reasonable doctor would do is relevant to a jury's analysis of whether the choice here was deliberately indifference. By the very minimum, we ask that the decision below be vacated or remanded so that the testimony can comment on that deliberate indifference. Go back and restate that again. It almost sounds like that you're, that you're arguing that the physician's competency on the medical malpractice issue is the same as it is for deliberate indifference. And I'm not, help me understand exactly what it is you say the distinction is. Sure, Your Honor. So the point I was hoping to make just quickly is that there are two claims. There's the federal claim, the state claim. Under the federal claim, the federal rules of evidence apply, period. There's no question that Dr. Bilbrow is competent under the federal rules. There's no objection that he's not qualified under the federal rules. He should have been able to fully testify and offer his expert opinions under the federal rules. He was not allowed to do that. And so at a minimum, he should have been able to do that with respect to the deliberate indifference claim. On the, on the state law claim, which is what we're largely arguing about here today, 601 issue, I think, to touch briefly on waiver, one of the reasons it really matters in this case is because they are Because you're arguing waiver now on reply when your opponent has no sur rebuttal on that. You could have raised that in your opening argument. Your Honor, I believe I did in my very beginning. You mentioned waiver, but you didn't argue it. So now you're going to argue it, you know, without fear of rebuttal. Well, Your Honor, it was argued in our opening brief and our supplemental brief. I'm happy to leave it there. What I'll say I mean, you can argue it. It just strikes me as unfair at a minimum. Your Honor, maybe I'll limit my reply to just the points about waiver that Ms. Wood was allowed to argue about in response to Judge Diaz's question. Simply that, and to repeat in large part what I've said before, that qualification and competency are distinctive legal concepts at a very minimum. That is recognized in at least two of the other circuit cases. It's recognized by this circuit. Qualification is not simply another word for competency. They're used differently in the federal rules. And so to object to one and not the other matters, to argue one on appeal and not the other matters. And so I ask that the court consider that. Mr. Whalen, I'm sorry to stop you. And Judge Diaz, you made a good point, but I'm going to ask anyway to give you, because I do think this is important. So you make a great point. I mean, this has all come as a surprise to you. And I can understand why you and your client might not be too happy about it. But my concern is that if we thought that the competence, that the Rule 601 issue actually was determinative and we disagreed with you on the merits, we would be writing an opinion that ignored a basis for a decision that would just seem odd to ignore on this record. You see what I'm getting at? It just seems strange that we wouldn't say anything about it, even if we thought that that was a basis for affirming the district court. I do see that, Your Honor. I think perhaps one way that the argument that I'd offer is that there is a threshold question as to whether Rule 702 is simply a subset of Rule 601. I argue that it's different. There are contained in different articles, just like privilege and hearsay and all these other things we refer to as competency colloquially are not part of 601. And if I'm able to convince the court of that, then the next step is whether, in this case, competency was ever at issue. If they are distinct legal concepts and competency was never at issue and qualification was the only thing at issue, which is true, which I've pointed to throughout our supplemental briefing and the record citations for that, then that should end the court's analysis. It should end the court's analysis under Shady Grove because Shady Grove directs the court to find the question in dispute and then determine whether the question in dispute is answered by the federal rules. And just to pair on that, to note on in Scott, the issue in Scott was whether under, you know, the allegation was that under state law, human factor testimony of a human factors expert could not testify. I don't know of a way to say that that is not competency, but whether a person who is a doctor but does not have the right certification or has recently not been a practitioner is a competency question. I mean, the simple way to say it is that people who have expertise in human factors science are not competent to testify in state court. But that's not what Scott did. And it's true that nobody raised 601 in Scott, but nobody raised 601 here either. And nobody raised 601 in these other two cases that affirmed Scott, reaffirmed Scott's central holding that expert qualification rules, which are distinctive from other things, expert qualification rules do not apply in federal court. So the district court, as I understand it here, was there was an omnibus motion in limine and the court went through a number of different issues, including this expert testimony question and essentially said that North Carolina rule 702 was a substantive rule and therefore needed to be applied in federal court and applied it and excluded your client's expert witness. Now, fair enough, didn't say anything about rule 601, but to the extent that it was talking about a substantive rule, it seems to dovetail nicely into the second sentence of 601, which says that when a state rule of decision with respect to a claim or defense is dispositive on the question that we apply that rule with respect to competence. So why wouldn't we as an appellate court say, well, the district court got it right, but for the wrong reason or didn't really expand on the sufficient reason for why it got it right? Why isn't that a basis for moving forward on 601? Your Honor, my time is expiring, if I may. Go ahead. Two reasons. First, the issue has been waived both below and on appeal. This is not a case where the party is trying to find an alternative basis for affirmance has been waived both times, which is important. Second of all, to read 601 simply to revive the eerie analysis that we're going to find, we're going to look to state law, determine whether it's substantive as the district court did, and then try to apply it in federal court and find whatever avenue on appeal might allow us to apply a state substantive rule terms Shady Grove on its head. At the end of the day, I would concede that if 702 is simply a rule of federal rule, 702 is simply a rule of competency and that all state expert rules are competency rules, then I can't, I cannot win this case on the state law issue. I can win it on the federal law issue, but not on the state law issue. If there is any difference between competency and qualification, those are distinct legal concepts, as I've argued they are, as has been found in at least two other circuits and has been, I think, consistent with this court's precedent up until this point, then the rest of the decision falls from there. And that matter, that distinction matters, and the fact that only one was ever raised matters. Last, my colleagues, if they have any other questions. No other questions. No questions. All right. Thank you, Mr. Whalen. I want to thank both counsel for their arguments this morning. We appreciate that this is a very difficult and thorny question. And thank you for helping us to try to figure it out. Mr. Whalen, in particular, I want to thank you for speaking with Mr. Moreno, you and your firm, because I remember that you were court appointed. And I know this has been a much longer voyage, I think, than you anticipated. But we are grateful to you for that, and I'm sure Mr. Moreno is as well. So thank you. Thank you, Your Honor. I thoroughly enjoyed it. Well, I would expect you to say nothing different, at least publicly. But we appreciate it. All right. With that, the court will stand adjourned. This honorable court stands adjourned. Seen and die. God save the United States and this honorable court.
judges: Albert Diaz, G. Steven Agee, DeAndrea Gist Benjamin